UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

FRANK HIGGINS, JR.,                                    CIVIL ACTION

    Plaintiff                                          NO.

VS.

METRO-NORTH RAILROAD COMPANY,

    Defendant
_____X

## COMPLAINT

Frank Higgins, Jr., by and through his attorneys, Cahill & Perry, P.C., brings this action against Metro-North Railroad Company and alleges, on knowledge as to his own actions and otherwise upon information and belief, as follows:

## PARTIES

1. Plaintiff Frank Higgins, Jr. ("Plaintiff") is an individual domiciled in Branford, Connecticut.

2. The defendant, Metro-North Railroad Company, ("Defendant"), is a railroad corporation duly established by law, and has a usual place of business in New Haven, Connecticut.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.; the Safety Appliance Acts, 49 U.S.C. §§ 20301-20306; and the Locomotive Inspection Act, 49 U.S.C. §§ 20701-20703.

4.  Venue is proper in this district pursuant to 45 U.S.C. § 56, as the defendant conducts business and the events giving rise to the claim occurred within the District of Connecticut.

## STATEMENT OF FACTS

5.  At all relevant times, Defendant was a common carrier engaged in the business of interstate commerce, operating a railroad between New York, New York, and New Haven, Connecticut.

6.  On or about January 14, 2026, Plaintiff was employed by Defendant as a Conductor in New Haven, Connecticut.

7.  At the time Plaintiff received the injuries complained of, Defendant was engaged in interstate commerce and Plaintiff was employed in furtherance of that commerce.

8.  On or about January 14, 2026, Plaintiff was engaged in his duties as a conductor in the New Haven Yard, where the tracks, rails, ties, trains, locomotives, and couplers were owned, operated, controlled, and/or maintained by Defendant.

9.  During a switching operation on or about January 14, 2026, the automatic coupler on an M-8 Multiple Unit Operated Electric Locomotive failed to automatically uncouple without the necessity of going between the ends of the vehicles.

2

10. The mechanical coupler on the M-8 Locomotive was in a structurally defective condition, necessitating it to be mechanically uncoupled with a wrench and preventing it from automatically uncoupling by the controls inside the cab.

11. Plaintiff went between the M-8 Locomotive vehicles and manually attempted to uncouple the defective mechanical coupler using a wrench.

12. While between the vehicles and using a wrench to manually uncouple the coupler, Plaintiff injured his left shoulder and arm.

13. As a result of the incident, Plaintiff suffered injuries including a torn rotator cuff and a torn bicep tendon in his left shoulder.

14. Plaintiff underwent surgery to repair the torn rotator cuff and torn bicep tendon in his left shoulder.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION - NEGLIGENCE
### (FEDERAL EMPLOYERS' LIABILITY ACT)

15. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

16. Plaintiff was injured within the scope of his employment with Defendant while performing his duties as a conductor in New Haven Yard, and his employment was in furtherance of Defendant's interstate transportation business. Defendant was a common carrier engaged in interstate commerce at all relevant times, and Plaintiff's duties directly furthered such commerce.

17.   Defendant owed Plaintiff a duty to provide a reasonably safe workplace and breached that duty by failing to properly maintain the coupler on the M-8 Locomotive.

18.   Defendant's negligence played a part in causing Plaintiff's injuries, including a torn rotator cuff and bicep tendon, which required surgical repair.

19.   As a result of Defendant's negligence, Plaintiff suffered damages, including lost wages and benefits, medical expenses, physical pain, mental anguish, and impaired future earning capacity.

**SECOND CAUSE OF ACTION - NEGLIGENCE - PER SE**
**(FEDERAL EMPLOYERS' LIABILITY ACT)**

20.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

21.   Defendant was subject to and violated 49 C.F.R. § 215.123 via 45 U.S.C. § 54(a) by maintaining a structurally defective mechanical coupler on the M-8 Locomotive, which required manual uncoupling with a wrench and failed to uncouple by cab controls.

22.   Defendant's violation constitutes negligence per se under FELA, and this violation played a part in causing Plaintiff's injuries, including a torn rotator cuff and bicep tendon, which required surgical repair.

23.   As a result of Defendant's violation, Plaintiff suffered damages, including lost wages and benefits, medical expenses, physical pain, mental anguish, and impaired future earning capacity.

## THIRD CAUSE OF ACTION - SAFETY APPLIANCE ACTS
### (FELA)

24.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

25.  Defendant violated the Safety Appliance Acts, 49 U.S.C. §§ 20301-20304, by failing to provide a mechanical coupler on the M-8 Locomotive that uncoupled as intended, in violation of statutory safety equipment requirements.

26.  Defendant's violation constitutes negligence per se, and this violation played a part in causing Plaintiff's injuries, including a torn rotator cuff and bicep tendon, which required surgical repair.

27.  As a result of Defendant's violation, Plaintiff suffered damages, including lost wages and benefits, impaired earning capacity, medical expenses, pain and suffering, and mental anguish.

## FOURTH CAUSE OF ACTION - LOCOMOTIVE INSPECTION ACT
### (FELA)

28.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

29.  At the time of Plaintiff's injuries, the M-8 MEU locomotives were in use during switching operations on Defendant's railroad.

30.  Defendant violated the Locomotive Inspection Act, 49 U.S.C. § 20701, by failing to inspect and maintain the couplers and appurtenances of the M-8 MEU

locomotives in proper condition and safe to operate without unnecessary danger of personal injury.

31. Defendant's violation played a part in causing Plaintiff's injuries, including a torn rotator cuff and bicep tendon, which required surgical repair.

32. As a result of Defendant's violation, Plaintiff suffered damages, including lost wages and benefits, medical expenses, physical pain, mental anguish, disfigurement, permanent loss of function, and impaired earning capacity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Frank Higgins, Jr. respectfully requests that this Court:

1. Award Plaintiff Frank Higgins, Jr. compensatory damages against Metro-North Railroad Company for all injuries and losses suffered as a result of Defendant's negligence under the Federal Employers' Liability Act, including but not limited to lost wages and benefits, medical expenses, physical pain, mental anguish, mental distress, impairment to future earning capacity, permanent loss of function, and inability to enjoy life's normal activities in an amount to be determined at trial.

2. Award Plaintiff Frank Higgins, Jr. compensatory damages against Metro-North Railroad Company for all injuries and losses suffered as a result of Defendant's violations of the Safety Appliance Acts and Locomotive Inspection Act, including but not limited to lost wages and benefits, medical expenses, physical pain, mental anguish, mental distress, impairment to future earning capacity, permanent loss of function, and inability to enjoy life's normal activities in an amount to be determined at trial.

PLAINTIFF DEMANDS TRIAL BY JURY.

By his attorneys,

By _____

George J. Cahill, Jr. (ct04485)
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: (203) 865-5904
cahill@trainlaw.com